UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HOSEY, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-01611-DAD-JDP<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL<br><br>ECF Nos. 8, 13<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>ECF No. 9<br><br>SCREENING ORDER<br><br>ECF No. 12<br><br>SECOND AMENDED COMPLAINT DUE IN SIXTY DAYS |

Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Before the court are plaintiff's motions for counsel, ECF Nos. 8, 13, and plaintiff's motion for leave to file amended complaint, ECF No. 9. Plaintiff's first amended complaint, ECF No. 12, is also before the court for screening.

**Motions to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

1

attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. Plaintiff's motions appear to be either boilerplate or meant for another case because they contain misstatements about the state of the instant action. *See* ECF No. 8 at 2 (claiming that his complaint has been found by the court to state a cognizable claim when it has not); ECF No. 13 at 5 (claiming that he has been prevented from participated in discovery when this case is not yet in the discovery phase). The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

**Screening and Motion to Amend**

Leave to amend a complaint should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Therefore, the court grants plaintiff's motion to amend. ECF No. 9. However, plaintiff has filed a first amended complaint, ECF No. 12, that has failed to state a claim. Plaintiff broadly asserts that all defendants committed a list of vague violations of plaintiff's rights related to resolving grievances without describing any action with specificity, including when, where, or how such alleged violations occurred. *See* ECF No. 12. Thus, the court will provide plaintiff with the pleading requirements and information about the legal standards for § 1983 claims

involving access to the courts, and allow sixty days for him to file an amended complaint. In his second amended complaint, plaintiff should focus in detail on the personal actions of the individual defendants. Plaintiff may not bring unrelated claims against unrelated defendants in one lawsuit.

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a

3

supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). The right to be free to litigate without active interference "forbids states from erecting barriers that impede the right of access of incarcerated persons." *Id.* (quotations and citations omitted).

To show a violation of the right to access to the courts, an inmate must demonstrate "actual injury," identifying a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354-55. It is only satisfied if an inmate is denied access with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id*.

**Conclusion and order**

We have screened plaintiff's first amended complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file a second amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within sixty days, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

The amended complaint should be brief,[1] Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set

---

[1] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4

forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the previous complaints no longer serve any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Plaintiff's motions to appoint counsel, ECF Nos. 8, 13, are denied without prejudice.
2. Plaintiff's motion for leave to file amended complaint, ECF No. 9, is granted.
3. Within sixty days from the service of this order, plaintiff must file a Second Amended Complaint.
4. Failure to comply with this order will result in the dismissal of this action.
5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 29, 2020                               _____
                                                      UNITED STATES MAGISTRATE JUDGE

No. 205.