UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HOSEY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-01611-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>ECF No. 3<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ORDER REQUESTING ASSISTANCE OF CALIFORNIA STATE PRISON, CORCORAN LITIGATION COORDINATOR |

　　　　Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's motion for temporary restraining order, ECF No. 3, is before the court. Plaintiff alleges that he has repeatedly been denied access to the law library and seeks an order requiring defendants to provide him access to law library services. *See* ECF No. 3.

　　　　The legal standard for issuing either a temporary restraining order or preliminary injunction is the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking such extraordinary relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). At this early stage in

1

the case, plaintiff has not shown that any of these factors point in his favor. The court will therefore recommend that plaintiff's request be denied.

Nevertheless, the court recognizes that plaintiff's ability to access the law library may impact his ability to litigate this action in a timely and effective manner. Accordingly, the court will request the assistance of the Litigation Coordinator at California State Prison, Corcoran in ensuring that plaintiff is afforded adequate opportunities to access the law library, to the extent that doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (internal quotation omitted)). The clerk's office will be directed to serve a copy of this order on the Litigation Coordinator.

**Order**

Based on the foregoing, it is hereby ordered that

1. The clerk's office shall serve a copy of this document on the Litigation Coordinator at California State Prison, Corcoran.
2. The Litigation Coordinator's assistance is requested in facilitating plaintiff's meaningful access to the law library, to the extent doing so is consistent with institutional order and security.

**Findings and Recommendations**

Further, it is hereby recommended that plaintiff's motion for a temporary restraining order, ECF No. 3, be denied without prejudice.

These findings and recommendations will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 30 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __April 29, 2020__                          _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 204.