UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI, | Case No. 1:19-cv-01611-DAD-JDP |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION |
| v. | |
| K. HOSEY, *et al.*, | ECF No. 21 |
| Defendants. | |

On July 8, 2020, plaintiff filed a multi-part motion seeking: (1) a third extension of time to file a second amended complaint; (2) assistance to access the law library at his institution of confinement; and (3) the appointment of counsel.[1]  ECF No. 21.

On June 11, 2020, plaintiff was granted a second 90-day extension to file his second amended complaint.  ECF No. 19.  Thus, plaintiff's second amended complaint is due on September 9, 2020.  Plaintiff still has plenty of time to meet that deadline, and so his motion for extension is denied as unripe.

The court has also previously requested assistance for plaintiff to access the law library. ECF No. 19.  However, it appears that plaintiff has updated his location since that time.  Because

---

[1] Plaintiff should file each request that he has of the court as a separate motion to assist in the court's identification of each request.

1

plaintiff claims to have been deprived of access to the law library even though he has a pending court deadline, this order will be served upon the litigation coordinator at his institution.

Plaintiff also moves for the court to appoint counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated.  Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately.  Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel is denied without prejudice.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

Accordingly,

1. Plaintiff's motion, ECF No. 21, is granted in part and denied in part as stated herein.
2. The clerk's office shall serve a copy of this document on the Litigation Coordinator at plaintiff's institution of confinement.
3. The Litigation Coordinator's assistance is requested in facilitating plaintiff's meaningful access to the law library so that plaintiff can meet his court-ordered

deadline, to the extent doing so is consistent with institutional order and security.

IT IS SO ORDERED.

Dated: _July 15, 2020_                        _____
                                              UNITED STATES MAGISTRATE JUDGE

No. 204.

3