UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>             Plaintiff,<br><br>      v.<br><br>K. HOSEY, M. BOUTTE,<br><br>             Defendants. | Case No. 1:19-cv-01611-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 23) |

Pending before the court is plaintiff's motion to appoint counsel incorporated within motion for extension of time and motion for preliminary injunction filed September 14, 2020. (Doc. No. 25).[1] Plaintiff Shikeb Saddozai is currently incarcerated at the Salinas Valley State Prison and is proceeding *pro se* on his civil rights complaint filed on November 14, 2019. (Doc. 1). Plaintiff was granted *in forma pauperis* status. (Doc. No. 5).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil

---

[1] The court granted plaintiff an extension of time to file his second amended complaint until April 22, 2021 by Text Only Order entered March 23, 2021. *See* Doc. No. 26. The court will address plaintiff's motion for a preliminary injunction by a report and recommendation. In the future, plaintiff should only seek one form of relief in a motion.

action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

In support of his motion, plaintiff argues that he has limited access to the law library, is unable to comprehend legal cases, and has mental and physical health issues. (Doc. No. 23 at 3-4, 8-10). The court does not find exceptional circumstances warrant appointment of counsel for plaintiff. This court is at the early stages of the litigation process. Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. The court liberally construes pro se pleadings. A review of the docket further shows he is capable of adequately articulating his claims and seeking relief. Further, plaintiff's mental and physical impairments have not impeded plaintiff's ability to litigate this case and his references to various legal authorities defy his claim that he does not have access to legal resources.

Accordingly, it is **ORDERED**:

Plaintiff's motion for the appointment of counsel (Doc. No. 23) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:   March 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28