UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI, | Case No. 1:19-cv-01611-DAD-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF[1] |
| v. | |
| K. HOSEY, M. BOUTTE, | OBJECTIONS DUE IN THIRTY DAYS |
| Defendant. | |
| | (Doc. No. 23) |
| | ORDER DIRECTING CLERK TO SERVE ORDER ON LITIGATION COORDINATOR |

This matter comes before the court upon review of this case that was reassigned to the undersigned on November 17, 2020. (*See* Doc. No. 25). Pending review is plaintiff's motion for preliminary injunctive relief. (Doc. No. 23).[2] For the reasons stated below, the undersigned recommends that the court deny plaintiff's motions for injunctive relief. However, the court will request the assistance of the litigation coordinator at plaintiff's place of incarceration.

I.  BACKGROUND

Plaintiff Shikeb Saddozai, a state prisoner, initiated this action on November 14, 2019 by

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] Incorporated in the same motion were plaintiff's request for an extension of time and appointment of counsel, for which the court entered separate orders. (See Doc. Nos. 26, 27).

1

filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants K. Hosey and M. Boutte.  (Doc. No. 1).  Plaintiff filed a first amended complaint, adding defendants William J. Sullivan and the director of the California Department of Corrections and Rehabilitation.  (Doc. No. 12 at 2).  The complaint alleges the defendants violated plaintiff's rights while adjudicating his prison grievances.  (*See generally* Doc. No. 12).  On April 29, 2020, the court screened plaintiff's first amended complaint and finding it deficient, directed plaintiff to file a second amended complaint.  (Doc. No. 14 at 2-4).  Petitioner has been granted an extension of time until April 22, 2021 to file his second amended complaint.  (Doc. No. 26).

II.     APPLICABLE LAW

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  Moreover, the court does not have jurisdiction over nonparties to the suit, and therefore cannot enjoin such individuals in an order for injunctive relief.  *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Further, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.   ANALYSIS

    a.   Law Library Access

In his motion for injunctive relief, plaintiff renews his request for assistance in accessing the law library.[3] (Doc. No. 23 at 2). Plaintiff claims that the law library staff is denying him access to paging services and materials. (*Id*. at 2-3). Plaintiff specifically alleges that librarian S. Tomlinson is biased against him, stole his legal documents, and obstructed his access to the court. (*Id*. at 4).

As an initial matter, the complaint does not raise any claims concerning plaintiff's access to the law library. (*See generally* Doc. No. 12). Further, plaintiff makes no assertion that the named defendants have any authority over the law library. Thus, the court does not have authority to issue the requested injunctive relief sought. *See Pac. Radiation Oncology*, 810 F.3d at 633. Moreover, plaintiff is again informed that the court has no jurisdiction over nonparties in this case, such as prison library staff, and cannot order prison personnel to provide him library access. (*See* Doc. No. 24 at 2); *Zepeda*, 753 F.2d at 727. Therefore, the court recommends that plaintiff's request for injunctive relief be denied.

---

[3] Plaintiff previously moved for a temporary restraining order directing his prison to provide him with increased law library access. (Doc. No. 3). Although the motion was denied, the assistance of the litigation coordinator at plaintiff's prison was requested. (Doc. Nos. 15, 24).

To the extent plaintiff's limited access to the law library is impeding his ability to prosecute this claim, plaintiff has other options than seeking injunctive relief. He may seek an extension of time with the court to comply with a court-ordered deadline or he may attach a copy of the court's order to his request to access the law library to demonstrate to correctional officials that he is under a court-ordered deadline. At this time, the court has granted plaintiff an extension of time in which to file his second amended complaint. (Doc. No. 26).

However, as a courtesy, the court will request the assistance of the litigation coordinator at Salinas Valley State Prison in ensuring that plaintiff is afforded adequate opportunities to access the law library, to the extent that doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). The clerk's office will be directed to serve a copy of this order on the litigation coordinator.

b. Prison Grievance System

Plaintiff complains about the grievance procedure at his prison, alleging that the relief he seeks through the grievance system is wrongly being withheld from him, that various prison staff are biased against him, and that prison staff have wrongfully destroyed his grievance documents. (Doc. No. 23 at 11-14). Although some of these claims mirror the claims in plaintiff's complaint (*see generally* Doc. No. 12), plaintiff has failed to state that the named defendants in this case are responsible for the acts described in his motion for injunctive relief. Because the court has no jurisdiction over nonparties in this case, his motion for injunctive relief should be denied. *Zepeda*, 753 F.2d at 727.

c. Miscellaneous Claims for Relief

Plaintiff also makes various complaints related to the receipt of his legal mail, his mental and physical health issues, his job placement, and a rules violation report. (Doc. No. 23 at 5-14). These claims do not appear in plaintiff's complaint, nor does plaintiff state that the named defendants are responsible for the harm alleged. Accordingly, the court recommends that

4

plaintiff's remaining claims for relief be denied. *See Pac. Radiation Oncology*, 810 F.3d at 633; Zepeda, 753 F.2d at 727.

Accordingly, it is ORDERED:

The clerk of court is directed to serve a copy of this order on the litigation coordinator at Salinas Valley State Prison.

Further, it is RECOMMEDED:

Plaintiff's motion for injunctive relief (Doc. No. 23) be DENIED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     March 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5