UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HOSEY, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01611-DAD-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 12) |

       This matter comes before the Court upon periodic review.[1] As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

## I. FACTS AND BACKGROUND

       Plaintiff Shikeb Saddozai, a state prisoner, initiated this action on November 14, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The then-assigned magistrate judge granted Plaintiff's motion to proceed *in forma pauperis* on November 19, 2019. (Doc. No. 5). On March 6, 2020, Plaintiff filed his first amended petition, on which Plaintiff now proceeds. (Doc. No. 12, "FAC"). The FAC generally alleges constitutional violations stemming

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

from Defendants handling of Plaintiff's inmate grievances.  (*See id*. at 7-12).

On April 29, 2020, the then-assigned magistrate judge screened Plaintiff's FAC and found it failed to state any cognizable claims.  (Doc. No. 14 at 2-3).  The Court granted Plaintiff 60 days to file a second amended complaint.  (*Id*.).  Since that time, Plaintiff has been granted four extensions of time to file his second amended complaint.  In Plaintiff's first motion for extension of time, Plaintiff stated that receipt of his mail was intentionally delayed by prison officials, that his access to the law library was limited, and that he lacked legal supplies.  (Doc. No. 16 at 1-3).  The Court granted Plaintiff a 90-day extension of time to file his second amended complaint.  (Doc. No. 17).  In Plaintiff's second motion for extension of time, Plaintiff stated that he had limited access to the law library and that the librarian was retaliating against him.  (Doc. No. 18 at 1-5).  The Court granted Plaintiff a second 90-day extension of time to file his second amended complaint.  (Doc. No. 19).  In Plaintiff's third motion for extension of time, Plaintiff stated that he had limited access to the law library, that prison staff were tampering with his legal mail, and that his prison was under lockdown and quarantine.  (Doc. No. 21 at 1-2).  The Court denied Plaintiff's motion as unripe because it was filed before the previous filing deadline had expired.  (Doc. No. 22).  In his fourth motion for extension of time, Plaintiff stated that he was being denied law library access and legal materials and was suffering from mental and physical illnesses.  (Doc. No. 23 at 2-16).  The Court granted Plaintiff an additional 30-day extension of time to file his second amended complaint.  (Doc. No. 26).  In his fifth motion for extension of time, Plaintiff stated that he was being denied law library access and materials, the pandemic caused law library restrictions, and that prison officials were tampering with Plaintiff's legal mail.  (Doc. No. 29 at 1-3).  The Court again granted Plaintiff a further 45-day extension of time, which set June 7, 2021 as the date Plaintiff's second amended complaint was due to be filed.  (Doc. No. 30).  Plaintiff has neither filed his second amended complaint not moved for a further extension of time. Despite being afforded four extensions of time and 315 days,  Plaintiff has failed to file a second amended complaint.  (*See* docket).  Accordingly, the Court recommends that the complaint be dismissed without prejudice for failure to prosecute and failure to comply with a Court order.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.  Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.  ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case.  The expeditious resolution of litigation is deemed to be

in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Attempting a less drastic action, such as allowing Saddozai a fifth extension to file a second amended complaint, would be futile because Saddozai has been provided multiple extensions and has failed to do so.  Granting an additional extension would inevitably end in the same result.  Finally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

      Over the course of more than a year, Plaintiff has been continually granted extensions of time to file his second amended complaint.  During that time, Plaintiff was able to file objections to this Court's findings and recommendations (Doc. No. 18), a motion to appoint counsel (Doc. No. 21), and a motion for preliminary injunction (Doc. No. 23).  Plaintiff was warned by the Court that a failure to file a timely second amended complaint would result in this Court issuing findings and recommendations that the case be dismissed.  (Doc. No. 14 at 4).  Plaintiff has failed to heed this Court's warning.  Accordingly, after considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal without prejudice under Fed. R. Civ. P.

4

41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

1. This case be dismissed without prejudice.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    August 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE