UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>            Plaintiff,<br><br>     v.<br><br>K. HOSEY, et al.,<br><br>            Defendants. | No.  1:19-cv-01611-DAD-HBK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 36) |

Plaintiff Shikeb Saddozai is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 3, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice due to plaintiff's failure to obey a court order and failure to prosecute.  (Doc. No. 32.)  On August 31, 2021, the undersigned adopted those findings and recommendations in full and dismissed this case without prejudice.  (Doc. No. 34.)  On September 13, 2021, plaintiff filed a motion for reconsideration of the undersigned's August 31, 2021 order adopting the magistrate judge's findings and recommendations.  (Doc. No. 36.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In his pending motion for reconsideration, plaintiff requests that the court grant him an opportunity to amend his complaint due to obstructions that allegedly prevented him from doing so previously. (Doc. No. 36.) Specifically, plaintiff argues that he suffered medical impairments, institutional lockdowns, COVID quarantines, restricted law library access, mail delays, and a lack of access to supplies such as envelopes, pens, and paper. (*Id.*) The court is certainly sympathetic to the difficulties prisoners may face during the COVID-19 pandemic with respect to filing

documents with the court.  However, plaintiff's arguments do not alter the court's previous order dismissing this case.  In the findings and recommendations and the court's order adopting them, the court concluded that granting plaintiff any additional extensions of time to file a second amended complaint would be futile under the circumstances of this case.  (Doc. No. 34 at 1–2.) Moreover, plaintiff was granted four separate extensions of time in which to file a second amended complaint.  (*See* Doc. No. 32 at 2.)  Despite filing several motions for extensions of time, objections, and motions for reconsideration, plaintiff has provided no arguments or evidence suggesting that he can timely file a second amended complaint asserting cognizable claims.  Thus, for the same reason the court originally adopted the findings and recommendations, the court will deny plaintiff's motion for reconsideration.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 36) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: __**September 29, 2021**__         /s/ Dale A. Drozd
                                                                                   UNITED STATES DISTRICT JUDGE